UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA; and
BONNEVILLE POWER ADMINISTRATION,

       Plaintiffs,

       v.

STATE OF OREGON, and COUNTY OF
CLACKAMAS,

       Defendants.

Civil No. 10-528-HA

OPINION AND ORDER

HAGGERTY, District Judge:

       Plaintiffs filed this action seeking declaratory and injunctive relief against the imposition

of an Oregon state tax on certain property.  The property is owned by a private corporation,

Northwest Infrastructure Financing Corporation II (NIFC II), and is leased by Bonneville Power

Administration (BPA).  Defendants Clackamas County [5] and State of Oregon [8] filed Motions

to Dismiss, both asserting that this court lacks subject matter jurisdiction, plaintiffs failed to join

1 -- OPINION AND ORDER

a necessary party, and that the Oregon Tax Court is the proper forum for this action.  For the following reasons, both motions are granted in part.

## BACKGROUND

The factual background is taken from plaintiffs' Complaint unless otherwise noted, and stated in a light favorable to plaintiffs.

NIFC II is a private entity that was established to acquire and arrange financing for electric power transmission infrastructure projects intended to support and expand BPA's regional transmission system.  NIFC II holds legal title to the projects, and has agreed to lease the projects to BPA for fixed lease payments.  A Master Lease Agreement provides that all operational control over the projects remains with BPA, and that BPA shall pay all taxes on the projects.

Pursuant to Oregon Revised Statute 305.105, NIFC II and BPA sought a declaratory ruling from the Oregon Department of Revenue (DOR) regarding the taxability of the projects. State of Oregon's Mem. at 2.  On January 20, 2010, the DOR issued its ruling.  The DOR determined that the projects were taxable and not subject to an exemption under O.R.S. §§ 307.040, 308.115, or the Supremacy Clause of the United States Constitution.  *Id.* at Ex. A.

Following that decision, plaintiffs filed this action in federal court asserting three counts: (1) that O.R.S. § 307.112 impermissibly discriminates against the United States; (2) that imposition of the tax would violate the Supremacy Clause; and (3) that imposition of the tax would violate O.R.S. § 307.040.

## DISCUSSION

Defendants move to dismiss plaintiffs' Complaint based on comity, a lack of subject matter jurisdiction, and plaintiffs' failure to join all necessary parties.  Because comity principles

justify abstention in this case, the court need not discuss the possible merits of defendants' remaining arguments for dismissal. *See Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2336-37 (2010).

**1.    Plaintiffs' substantive claims**

In their first count, plaintiffs seek a judgment declaring O.R.S. § 307.112 unconstitutional because it discriminates against the United States and the projects at issue in this case. Compl. at 5. Section 307.112 provides that:

> Real or personal property of a taxable owner held under lease, sublease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, . . . is exempt from taxation if:
>
>   (a) The property is used by the lessee or, if the lessee is not in possession of the property, the entity in possession of the property in the manner, if any, required by law for the exemption of property owned, leased, subleased or being purchased by it; and
>
>   (b) It is expressly agreed within the lease, sublease or lease-purchase agreement that the rent payable by the institution, organization or public body has been established to reflect the savings below market rent resulting from the exemption from taxation.

O.R.S. § 307.112(1).

To obtain the tax exemption, the lessee or entity in possession of the property must file a claim for the exemption with the county assessor. O.R.S. § 307.112(2). The exemption, however, is not available to the United States. Or. Admin. R. 150-307.112(4). Plaintiffs challenge the constitutionality of this exclusion.

Plaintiffs' second and third counts seek a judgment declaring that the property taxes sought to be imposed by the State of Oregon (State) on plaintiffs' projects violate the Supremacy Clause and O.R.S. § 307.040. Compl. at 5-6.

3 -- OPINION AND ORDER

The Supremacy Clause prohibits a state from levying a tax on the operations, possessions, institutions, or activities of the federal government. *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1138 (9th Cir. 1999); *see also* U.S. Const. art. VI, cl. 2. Oregon's tax law also provides that "all property of the United States, its agencies or instrumentalities, is exempt from taxation to the extent that taxation thereof is forbidden by law." O.R.S. § 307.040. Therefore, to support their argument that the projects are immune from taxation, plaintiffs allege that the United States is the "beneficial owner" of the projects. Compl. at 6.

### 2.    Abstention doctrine

Defendants assert that plaintiffs' Complaint raises questions regarding the construction of Oregon's property tax statutes, and that a decision from this court would disrupt Oregon's tax scheme. Accordingly, defendants contend that this court should abstain from exercising jurisdiction to allow the Oregon Tax Court to address plaintiffs' arguments. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *R.R. Comm'n of Tex. v. Pullman Co.*, 213 U.S. 496 (1941).

Abstention pursuant to *Pullman* is appropriate where (1) the case presents sensitive issues of social policy upon which the federal courts ought not to enter unless no alternative forum is available; (2) constitutional adjudication could be avoided by a state ruling; and (3) resolution of the state law issue is uncertain. *Wolfson v. Brammer*, 616 F.3d 1045, 1066 (9th Cir. 2010) (citation omitted).

Similarly, *Burford* directs a federal court to refuse jurisdiction where it would interfere with "the rightful independence of state governments in carrying out their domestic policy." *Burford*, 319 U.S. at 317-18. A district court may abstain if the case involves "difficult questions of state law bearing on policy problems of substantial public import whose importance

transcends the result in the case then at bar." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 806 (9th Cir. 2002) (citation omitted).  Certain factors must exist before a district court can abstain under *Burford*, including: (1) the state has chosen to concentrate suits challenging the actions involved in a particular court; (2) federal issues cannot be separated easily from complex state law issues in which state courts might have special competence; and (3) federal review might disrupt state efforts to establish a coherent policy.  *Id.* (citation omitted).

Abstention under either of these doctrines is particularly desirable if it enables the state court to determine questions of state law or to provide an adequate remedy.  *Burford*, 319 U.S. at 333 n.29.

Plaintiffs' Complaint presents issues regarding the constitutionality and interpretation of Oregon's tax statutes.  State taxation involves important and sensitive issues of state social policy that often require abstention by the federal courts.  *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102 (1981); *Burford*, 319 U.S. at 333 n.29 (noting that abstention is especially appropriate when the parties seek equitable relief from the collection of state taxes). This policy exists because states rely upon their taxation scheme as "the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible." *Levin*, 130 S. Ct. at 2330.

The resolution of plaintiffs' claims would also require this court to interpret the phrase "property of the United States" within Oregon's tax laws.  The State asserts that the phrase "property of" appears in several of its statutes, and that a ruling by this court could have a significant effect on Oregon's tax administration.  State's Mem. at 11-12.  This kind of intervention into state law by the federal courts would almost certainly be "dangerous to the

5 -- OPINION AND ORDER

success of state policies," and is what invoking the abstention doctrine is intended to avoid. *Burford*, 319 U.S. at 334.

Additionally, if the state court determines that the scope of the phrase "property of the United States" does not include property held by the United States as a beneficial owner, then the federal constitutional issue will be rendered moot. *See United States v. Ohio*, 614 F.2d 101, 104 (6th Cir. 1979) (holding that abstention was proper when the "lurking constitutional question might be avoided by the [state] Tax Appeals Board's own interpretation of [state] tax law").

The State has chosen the Oregon Tax Court as the exclusive forum for the determination of all questions of law and fact arising under Oregon's tax laws. *See* O.R.S. § 305.410. The Oregon Tax Court provides an adequate remedy for these questions, and plaintiffs may also seek judicial review in the Oregon Supreme Court. *See* O.R.S. § 305.445.

A party must file his or her appeal to the Oregon Tax Court within ninety days after receiving notice of the decision by the DOR. O.R.S. § 305.280(1). Although the period for appealing the DOR's decision has expired, the State has agreed to re-issue the declaratory ruling to provide plaintiffs with a renewed ninety-day period to appeal that decision to the Oregon Tax Court. State's Supplemental Br. at 1-2.

The State has also agreed to petition for a special designation with the Regular Division of the Tax Court. *Id.* at 2. These assurances by the State will provide plaintiffs with an adequate state forum for litigating their case.

### 3.    Comity

As a corollary to abstention, comity considerations preclude federal district courts from exercising jurisdiction over controversies where an adequate state court forum is available to

decide the plaintiff's constitutional claims. *Levin*, 130 S. Ct. at 2330. In *Levin*, a group of Ohio state citizens complained of discriminatory treatment under Ohio's tax laws. *Id.* at 2333. Although the lower courts agreed that the Tax Injunction Act (TIA)[1] did not bar the suit, the Supreme Court held that comity principles "[m]ore embrace than the TIA" required dismissal of the case. *Id.* at 2328.

The Court delineated several factors that trigger deference to the state adjudicative process and compel federal abstention, including where: (1) the plaintiffs seek review regarding matters over which the state enjoys wide regulatory latitude; (2) the claimed constitutional violation does not require heightened judicial scrutiny; (3) the plaintiffs seek aid in the federal court to improve their competitive position; (4) the state court is more familiar with state legislative preferences; and (5) the federal court's remedial options are constrained. *Id.* at 2336.

In this case, *Levin*'s factors largely weigh in favor of abstaining for comity concerns. Plaintiffs' allegation of discrimination receives slightly heightened judicial review. *See Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 816 (1989) (holding that "the relevant inquiry is whether the inconsistent tax treatment is directly related to, and justified by, 'significant differences between the two classes'"). However, the other factors favor abstention.

Plaintiffs seek federal intervention into Oregon's tax scheme, where the state's policies should be free from as much interference as possible. *See Levin*, 130 S. Ct. at 2330. The state court is more familiar with Oregon's tax laws and the intent of the Oregon legislature. As

---

[1] The TIA provides a jurisdictional bar in the federal courts against suits by private citizens seeking equitable relief against the collection of state taxes. *See* 28 U.S.C. § 1341. Plaintiffs' action in this case is not barred because the TIA does not apply to suits by the United States seeking "to protect itself or its instrumentalities from state taxation." *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 823-24 (1997); 16 U.S.C. § 832a (noting that BPA is a federal instrumentality).

explained in *Levin*, even if a federal court adjudicated the merits of a plaintiff's state taxation claims, it could not order the relief necessary to remedy the plaintiff's harm. *Levin*, 130 S. Ct. at 2335. Because the federal court is prohibited from enjoining tax collection under state law and cannot reshape the relevant provisions of a state's tax code, the state court is better positioned to provide an adequate remedy if it finds that the state's taxation scheme is unconstitutional. *Id.*

Plaintiffs rely on *Union Pacific Railroad Co. v. Department of Revenue*, 920 F.2d 581 (9th Cir. 1990), to support their argument that this court should entertain Oregon property tax claims. However, *Union Pacific* is inapplicable because Congress specifically required the federal courts to adjudicate the type of claims brought by the plaintiff in that case. In *Union Pacific*, a railroad filed a complaint in the Oregon Tax Court alleging that the DOR's assessments were discriminatory. *Id.* at 583. A few months later, the railroad filed a second action in federal court under the Railroad Revitalization and Regulatory Reform Act (the Act) seeking declaratory and injunctive relief. *Id.* The Act provided a specific exception under the TIA to enable railroads to challenge discriminatory state taxes in a federal forum. *Id.* at 583 & n.7.

Pursuant to the Act, the district court originally denied the state's motion to dismiss, but later reversed its order after the Ninth Circuit issued an opinion directing lower federal courts to give state courts the first opportunity to review valuation claims from railroads. *Id.* at 583-84. The Supreme Court later reversed the Ninth Circuit, holding that federal district courts should hear valuation claims under the Act. *Id.* (citing *Burlington N. R.R. Co. v. Okla. Tax Comm'n*, 481 U.S. 454 (1987)). Following the Supreme Court's decision in *Burlington*, the Ninth Circuit held that *Pullman* abstention was no longer appropriate because Congress "specially vested" the district courts with the power to adjudicate claims under the Act. *Id.* at 586.

8 -- OPINION AND ORDER

The *Burlington* Court determined that principles of comity did not apply when Congress opened the federal forum for a specific challenge. *Burlington N. R.R. Co.*, 481 U.S. at 464; *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (holding that a federal court has a "virtually unflagging obligation" to exercise the jurisdiction given to it by Congress). In this case, Congress has not specifically made this court available to the United States for a challenge to the constitutionality of a tax imposed on a private corporation that leases property to the United States. Therefore, comity principles warrant abstention in this case.

Finally, plaintiffs argue that comity concerns are insufficient "to close the federal forum when the United States itself sues to uphold the Constitution's prohibition on discriminatory treatment by a state." Resp. at 9. Comity and federalism issues are diminished when the United States is the litigant. *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). However, the United States' role as plaintiff is not dispositive to this question. Comity principles can justify abstention even when the United States is the plaintiff. *See United States v. Plainbull*, 957 F.2d 724, 727-28 (9th Cir. 1992) (holding that the district court did not abuse its discretion by abstaining jurisdiction to provide the tribal court with an opportunity to resolve the case); *Ohio*, 614 F.2d at 104 ("Abstention from exercise of federal jurisdiction is not improper simply because the United States is the party seeking a federal forum.").

For these reasons, this court elects to abstain jurisdiction in this case. Consequently, the court expresses no opinion regarding the possible merits of defendants' other arguments presented in support of dismissal.

## **CONCLUSION**

For the reasons provided, defendant Clackamas County's Motion to Dismiss [5] and defendant State of Oregon's Motion to Dismiss [8] are granted in part. This matter is dismissed

without prejudice.  The State of Oregon is ordered to re-issue its declaratory ruling to provide

plaintiffs with an opportunity to appeal that decision to the Oregon Tax Court, as noted herein.

IT IS SO ORDERED.

DATED this   4   day of January, 2011.


                                    /s/ Ancer L. Haggerty
                                   Ancer L. Haggerty
                                   United States District Judge

10 -- OPINION AND ORDER